1
2
3
4
5
6                IN THE UNITED STATES DISTRICT COURT
7
8                FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   MARY LEE JOHNSON,                             No. C 03-5026 WHA (PR)
11              Plaintiff,                         **ORDER OF DISMISSAL**
12      vs.
13   JOHN ASHCROFT, Attorney General,
     et al.,
14
15              Defendants.
                                         /
16

17       This is a civil rights action brought pro se by a federal inmate. She has been barred by
18   this Court from proceeding in forma pauperis because she has filed three or more cases which
19   were dismissed as frivolous, malicious, or for failure to state a claim, *see* 28 U.S.C. § 1915(g),
20   but in this case she has paid the filing fee. The complaint was dismissed with leave to amend
21   because it was "unmanageable in its present form." She was instructed to "state clearly and
22   succinctly what each of the named defendants did that she contends was a violation of her
23   constitutional rights." The Court also provided an extensive explanation of the specific
24   deficiencies of some of the claims. Plaintiff filed an amendment which added twenty
25   defendants to the ten already in the case and which was largely incomprehensible.
26       The Court once more dismissed with leave to amend, saying that "[p]laintiff will be
27   afforded one more chance to amend." She was advised as follows:
28

     She may include any defendants she sees fit, of course, but should note that including claims where venue here is incorrect, or defendants over whom the Court cannot obtain jurisdiction, clutters the complaint and adds to the already serious problem of ascertaining the exact nature of each claim. Such claims and defendants will be dismissed if the case is allowed to proceed, so including them does not benefit plaintiff.

     If plaintiff decides to file a second amended complaint, she must divide her complaint into claims, set out numbered paragraphs within each claim, and clearly indicate which defendants are intended to be liable on each claim. She must provide factual allegations as to what each defendant did, where it happened (e.g., in Dublin, Victorville, Carswell, etc) and indicate at least roughly when the defendant is alleged to have done it, so it is possible for the defendant to respond to the claim. She should bear in mind that only violations of federal law, including the Constitution, are actionable.

In her Second Amended Complaints plaintiff has not listed which defendants are intended to be defendants on which claims, and still includes many inappropriate defendants. More importantly, the complaint still consists largely of conclusory allegations. For instance, as part of a claim headed "Malicious Prosecution" she says, with regard to the institution of a criminal action against her: "the initiation of criminal prosecution was not performed by L.A.P.D. nor can the State of California enter into any agreement with federal government, to deprive citizen of freedom with respect to the "Declaration of Independence["] and police power of the 10th Amendment and Article 1 sec. 8&9 for federal and sec. 10 for State, "No Bill of Attainder or ex post facto Law shall be passed/Law impairing the Obligation of Contracts." She does not say against whom this claim, if it is a claim, is asserted.

The above is just one example among many. Plaintiff has failed to comply with the Court's order and has failed to state a claim. The case is **DISMISSED** with prejudice. *See* Fed. R.Civ.P. 12(b)(6) and 41(b). The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August __3__, 2007

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.03\JOHNSON026.DMS.wpd